IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANALYN TIERNEY,

        Plaintiff,

   vs.                               CIVIL NO.  10-491 RB/LFG

NEXUM, INC, and QUINCY
MANASCO, individually,

        Defendants.

## ORDER DENYING MOTION
## TO EXTEND DISCOVERY DEADLINE

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Extend Discovery Deadline Until July 13, 2011 [Doc. 61].  The Court considered the Motion, Defendants' Response in opposition [Doc. 64], and Plaintiff's Reply [Doc. 67].

### Background

This case was originally set on a liberal 150-day discovery schedule, with discovery due to end on April 22, 2011.  Thereafter, because Plaintiff asserted she could not travel to Albuquerque for her deposition, the forum which she chose, Defendants agreed to depose her in California. Defendants then sought an extension of time for a Fed. R. Civ. P. 35 examination and to provide their expert report based on Plaintiff's contention that she could not travel.

It does not appear Plaintiff took any steps to schedule depositions until late Spring when she sought dates to depose Defendant Manasco.  The parties agreed that the Manasco deposition would occur on April 13, 2011, after the deposition of Nancy Mance, one of Plaintiff's witnesses.  Plaintiff did not make any additional requests to depose witnesses in this case.

On April 12, 2011, the parties filed a joint motion requesting that the April 22, 2011 discovery deadline be extended to May 13, 2011 for the limited purpose of deposing Mance and Manasco [Doc. 55].  The Court granted the request [Doc. 56].

The Court scheduled a settlement conference for April 28, 2011, but prior to the conference, Plaintiff requested that it be vacated [*see* April 25, 2011 Clerk's Minutes, p. 5].  In accord with Plaintiff's request, the conference was vacated, after which time both Manasco and Mance were deposed.

The present opposed request to extend discovery comes three weeks after the expiration of the April 22, 2011 deadline.  Plaintiff argues the extension is required because her health has impeded her ability to participate in the discovery process.  However, she provides no particulars as to why Plaintiff's counsel was unable to engage in discovery.  In addition, save for the broad statement that additional discovery is necessary to prepare for trial, Plaintiff does not indicate what discovery is necessary or how that discovery is important for Plaintiff's trial preparation.

## Discussion

A court has an obligation to manage its docket and fulfill obligations imposed by the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* ("CJRA").  Two of the CJRA's goals include expediting the ultimate disposition of litigation and reducing costs by careful monitoring of the discovery process.  Indeed, the Court is required to lessen the financial burdens imposed on the parties due to delay.  The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802.

This legislation included judicial case management as an important step in eliminating delay. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171-172 (1989).  Studies on court delay conducted by the Federal Judicial Center show the following:

> The primary finding was that greater and earlier judicial control over civil cases yields faster rates of disposition.  The court with the least amount of delay characteristically kept stricter control of the case by precise scheduling of the cutoff date and other of the [discovery] cutoff date and other deadlines.  The study concluded that "A court can handle its caseload rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion."

Federal Judicial Center, Steven Flanders, Case Management and Court Management in United States District Courts 17 (1997).

In addition to concerns with delay caused by the requested extension, the Court also observes that Plaintiff's motion is untimely.  Fed. R. Civ. P. 6(b)(1) addresses requests for extensions of time as follows:

> When an act may or must be done within the specified time, the court may for good cause extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Here, the general discovery deadline expired on April 22, 2011.  The Court extended the discovery deadline until May 13, 2001, for the limited purpose of taking two depositions.  Thus, if Plaintiff wanted an additional extension of time to take the depositions, she should have filed the request on or before May 13, 2011.  However, that is not the reason for the extension.  Instead, it appears that Plaintiff wishes to extend general discovery.  Thus, any motion for extension should have been filed on or before April 22, 2011.

While Rule 6 allows the Court to grant a motion for extension filed after expiration of the deadline with in which a party was to act, the Court must find there was excusable neglect.  In this case, Plaintiff offered no excuse as to why discovery was not pursued, save for the contention that her health somehow interfered with discovery efforts.  As stated above, she presented no details as to why she could not proceed with discovery with the assistance of counsel, nor did she submit any medical verification to support her assertion.

The Court is concerned with delaying this proceeding further.  In addition, Plaintiff provided no justification for her untimely request and no explanation how her neglect was beyond her control. Therefore, the Court determines that good cause does not exist to extend the time and that Plaintiff did not demonstrate she failed to act in a timely manner because of excusable neglect.

IT IS THEREFORE ORDERED that Plaintiff's opposed motion for extension is DENIED.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge